977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samuel Allen Alexander, Defendant-Appellant.
 No. 92-5095.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 21, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Alexander appeals from his conviction of burglary and three counts of theft on a military reservation, within the special territorial jurisdiction of the United States, for which he received a 28month term of imprisonment, and five years of supervised release. He appealed, and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Finding no error, we affirm.
 
 
 2
 Alexander contends that the trial judge abused his discretion when he allowed the government to question its own witnesses about prior statements given to military investigators. He claims that the prosecution purported to use the statements to test the credibility of the witnesses' testimony in court, when they were actually using it for the impermissible hearsay purpose of allowing the jury to consider the truth of the matters asserted in the prior statements.
 
 
 3
 The record indicates that on counsel's request, the trial court instructed the jury that prior statements are not ordinarily received for the truth of the matters therein but for purposes of comparison to evaluate the credibility of testimony in court. Under these circumstances, the court did not abuse its discretion in concluding that the evidence's probative value would not be substantially outweighed by its prejudicial effect. See Fed. R. Evid. 403; Huddleston v. United States, 485 U.S. 681, 687 (1988).
 
 
 4
 Alexander's attorney raised no other issues, and Alexander did not file a supplemental brief, though the Court informed him of his right to do so. In accordance with Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Counsel in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We grant the government's motion for summary affirmance and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED